IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| ESTATE OF GRANT MILLER, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | Civil Action No. 15-162 |
|  | ) |  |
| CAROLYN W. COLVIN, | ) |  |
| Commissioner of | ) |  |
| Social Security | ) |  |
|  | ) |  |
| Defendant. | ) |  |

AMBROSE, U.S. Senior District Judge

## **OPINION AND ORDER**

I. Synopsis

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits ("DIB") pursuant to the Social Security Act ("Act"). Plaintiff protectively filed his application on April 11, 2012, alleging he was disabled beginning January 15, 2011. ECF No. 7, 4. After Plaintiff's application was denied initially, on September 12, 2012, he filed a written request to have his application reviewed by an Administrative Law Judge ("ALJ"). *Id.*; ECF No. 4-2, 17. On March 2, 2013, the claimant died, and Susan Murdock, as the administrator/executor of the estate, filed a Notice Regarding Substitution of Party Upon Death of Claimant. *Id.*; *see also* ECF No. 4-4, 46 (Exhibit 9B). Ms. Murdock knowingly and voluntarily waived the right to proceed with a hearing, and the ALJ submitted and received answers to interrogatories from an impartial vocational expert. ECF No. 7, 4. On July 24, 2013, the ALJ found that Plaintiff was not

1

disabled under the Act. *Id.* at 27. After exhausting all administrative remedies, the substitute party filed this action.

Pending before the Court are cross-motions for summary judgment. ECF Nos. [6] (Plaintiff) and [8] (Defendant). Both parties filed briefs in support of their motions. ECF Nos. [7] (Plaintiff) and [9] Defendant. The issues are now ripe for review. After careful consideration of the submissions of the parties, and based on my Opinion as set forth below, I deny Plaintiff's motion and grant Defendant's motion for summary judgment.

II. Legal Analysis

A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen*, 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "[m]ore than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala*, 55 F.3d 900, 901 (3d Cir. 1995) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. § 405(g); *Dobrowolsky v. Califano*, 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel*, 995 F. Supp. 549, 552 (E.D. Pa. 1998). While the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See* 5 U.S.C. § 706.

To be eligible for social security benefits, a plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. § 1382c(a)(3)(A).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §§ 404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R. pt. 404, subpt. P, app. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience, and residual functional capacity. 20 C.F.R. §§ 404.1520. A Claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (Steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (Step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris*, 745 F.2d 210, 221 (3d Cir. 1984).

B. Whether the ALJ Erred in Evaluating the Opinion of Aster Assefa, M.D.

3

Plaintiff argues that the ALJ failed to follow 20 C.F.R. § 404.1527(f)[1] and SSR 96-8p by discounting the opinion of a consulting physician, Aster Assefa, M.D. ECF No. 7, 8-12.

Pursuant to 20 C.F.R. § 404.1527(c), an ALJ must evaluate every medical opinion received. In so doing, an ALJ should consider all of the following: the examining relationship, the treatment relationship, the evidence supporting the opinion, how consistent the opinion is with the record as a whole, whether the opinion was rendered by a specialist, and any other factors which tend to support or contradict the opinion. *Id.*

Social Security Ruling 96-8p explains the Social Security Administration's policies and policy interpretations regarding the Commissioner's assessment of a claimant's residual functional capacity ("RFC")—the most a claimant can still do despite his limitations. *See also* 20 C.F.R. §§ 404.1545(a). The RFC assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own limitations. 20 C.F.R. § 404.1545(a)(3).

The amount of weight accorded to medical opinions is well-established. In his evaluation, an ALJ will give medical opinions the weight she deems appropriate based on various regulatory factors, including whether the opinion is supported by medical signs and laboratory findings and whether the opinion is consistent with the record as a whole. 20 C.F.R. §§ 404.1527(c). Generally, an ALJ will give more weight to the opinion of a source who has examined the claimant than to a non-examining source. *Id.* § 404.1527(c)(1-2); *Brownawell v. Comm'r of Soc. Sec.*, 554 F.3d 352, 357 (3d Cir. 2008). This is true particularly if that physician's treatment record or opinion "reflects expert judgment based on a continuing

---

[1] I believe Plaintiff's citation to subsection "f" is a typographical error that does not affect the impact of his argument. Subsection "c" of 20 C.F.R. § 404.1527 explains how the Commissioner must review medical source opinions and subsection "e" explains how the Commissioner considers the opinions of non-examining sources.

observation of the patient's condition over a prolonged period of time." *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (quoting *Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). Indeed, "[i]t is axiomatic that the Commissioner cannot reject the opinion of a treating physician without specifically referring to contradictory medical evidence." *Moffatt v. Astrue*, 2010 U.S. Dist. LEXIS 103508 at * 6 (W.D. Pa. 2010). "Generally, the more consistent an opinion is with the record as a whole, the more weight [the ALJ] will give to that opinion." 20 C.F.R. § 404.1527(c)(4). Accordingly, the weight an ALJ assigns to a consulting physician's opinion "will vary based on the circumstance and the other medical evidence presented." *Benyak v. Colvin*, Case No. 2:13-cv-770, 2014 WL 4450144, at *10 (W.D. Pa. Sept. 10, 2014) (internal citations omitted).

Here, the ALJ gave the opinion of Dr. Assefa, M.D. limited weight. ECF No. 4-2, 24. Dr. Assefa, a consultative examiner, evaluated Plaintiff one time on July 1, 2012. ECF No. 4-7, 49-60 (Exhibit 6F). Dr. Assefa opined that Plaintiff was unable to lift anything because he found Plaintiff had no strength or dexterity in his right hand and arm. *Id.* at 53. Dr. Assefa also concluded that Plaintiff was unable to push and pull with his right arm, *id.*, and that extreme temperatures, wetness, dust, fumes, odors, and gasses caused pain in his right arm. *Id.* at 254. The ALJ explained that he discounted Dr. Assefa's opinion because it was a one-time opinion, not based on a treating relationship, and it was inconsistent with the record as a whole "including the claimant's treatment history showing some improvement in motor functioning." ECF No. 4-2, 23. Similarly, the ALJ gave limited weight to the Plaintiff's treating physician for being inconsistent with the record as whole, in part with regard to treatment history showing some improvement in motor functioning. *Id.* The ALJ explained, for example, that he found that the objective medical evidence showed that, following treatment, "only some weakness in the right

5

upper limb with no weakness of the shoulder abductors and elbow flexors and good sensation, intact cervical motion, and satisfactory gait." *Id.* at 25 (citing Exhibit 12F).

First, I reiterate that the standard in my review is not whether there is evidence to establish Plaintiff's position but, rather, whether there is substantial evidence to support the ALJ's finding. *Allen v. Bowen*, 881 F.2d 37, 39 (3d Cir. 1989). After carefully reviewing the record, I find there is no error because the ALJ adequately explained why he discounted Dr. Assefa's opinion and substantial evidence of record supports the ALJ's conclusion. ECF No. 4-2, 23 (citing Exhibits 1F, 4F & 5F) & 24 (ALJ's discussion of Dr. Assefa's opinion); *see also* Exhibit 1F, ECF No. 4-7, 205-07, Exhibit 4F, 223 & 227; and Exhibit 5F, 242-44 (showing some improvement after occupational therapy and medication, including better flexion of the fingers with improved sensation); Exhibit 12F, ECF No. 4-15, 537 (physical exam showing some right upper arm weakness but no weakness in shoulder abductors and elbow flexors, okay sensation to light touch, and intact cervical motion).

C. Whether the ALJ Erred in evaluating Plaintiff's Residual Functional Capacity ("RFC")

Plaintiff argues that the ALJ failed to follow Social Security Rule 83-10 in finding that Plaintiff had the residual functional capacity ("RFC") to perform light work. ECF No. 7, 12. Plaintiff argues that the medical evidence indicates that the claimant was unable to use his right arm and, therefore, was incapable of performing any work. *Id.*

" 'Residual Functional Capacity is defined as that which an individual is still able to do despite the limitations caused by his or her impairment(s).' " *Fargnoli v. Massanari*, 247 F.3d 34, 40 (3d Cir. 2001) (quoting *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 12, 121 (3d Cir. 2000)) (citations omitted); 20 C.F.R. § 404.1545(a)(1) (RFC determination is an assessment of the most an individual can do given his limitations); *see also* Soc. Sec. Reg. 96-8p. In determining a

6

claimant's RFC, all of the claimant's impairments, including those not considered "severe" must be considered. 20 C.F.R. § 404.1545(a)(2). Additionally, the ALJ is required to consider all of the evidence before him, including the medical evidence, a claimant's subjective complaints, and evidence of the complainant's activity level. *Burnett*, 220 F.3d at 121 (citations omitted); *Fargnoli*, 247 F.3d at 41. Further, "the opinion of a treating physician does not bind the ALJ on the issue of functional capacity." *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 361 (3d Cir. 2011) (citation omitted).

The Code of Federal Regulations generally defines light work as follows:

> (b) Light work. Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567(b). Social Security Rule 83-10 specifically defines light work as follows:

> *Light work.* The regulations define light work as lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted in a particular light job may be very little, a job is in this category when it requires a good deal of walking or standing—the primary difference between sedentary and most light jobs. A job is also in this category when it involves sitting most of the time but with some pushing and pulling of arm-hand or leg-foot controls, which require greater exertion than in sedentary work; e.g., mattress sewing machine operator, motor-grader operator, and road-roller operator (skilled and semiskilled jobs in these particular instances). Relatively few unskilled light jobs are performed in a seated position. . . . "Frequent" means occurring from one-third to two-thirds of the time. . . . The lifting requirement for the majority of light jobs can be accomplished with occasional, rather than frequent, stooping. Many unskilled light jobs . . . require use of arms and hands to grasp and to hold and turn objects, and they generally do not require use of the fingers for fine activities to the extent required in much sedentary work.

Social Security Rule 83-10 also defines "occasionally" as "occurring from very little up to one-third of the time."

In this case, the ALJ found Plaintiff had the RFC to perform work as defined in 20 C.F.R. § 404.1567(b), with additional limitations, based on, *inter alia*, Dr. Assefa's and Dr. Imbriglia's medical opinions, Plaintiff's physical examinations and nerve studies, and Plaintiff's own report of the level of activities of his daily living. ECF No. 4-2, 21-25. Specifically, the ALJ restricted Plaintiff's RFC to perform light work by limiting Plaintiff's use of his right upper extremity to: (i) lifting and carrying 10 pounds occasionally and 5 pounds frequently; (ii) occasional handling, fingering, and feeling, (iii) occasional pushing and pulling; (iii) occasional reaching in all directions, including overhead reaching with the right upper extremity; and (iv) avoidance of concentrated exposure to extreme temperature and wetness. *Id.* at 21. In arriving at his conclusions, the ALJ evaluated all of the medical evidence of record and adequately explained how he evaluated the evidence. *Id.* at 21-25; *see* 20 C.F.R. §§ 404.1527(b); *Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999); *see also* Soc. Sec. Reg. 96-2p. Having found no error in the ALJ's analysis of the medical evidence of record, as explained *infra*, and after careful review of the record, I find substantial evidence supports the ALJ's finding that Plaintiff had the RFC to perform light work with additional limitations. Accordingly, I find no error in this regard.

III. Conclusion

Based on the evidence of record and the briefs filed in support thereof, I find there is substantial evidence to support the ALJ's conclusion that Plaintiff is not disabled within the meaning of the Social Security Act. As a result, I deny Plaintiff's motion for summary judgment, and I grant Defendant's motion for summary judgment.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ESTATE OF GRANT MILLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 15-162 |
| | ) |
| CAROLYN W. COLVIN, | ) |
| Commissioner of | ) |
| Social Security | ) |
| | ) |
| Defendant. | ) |

AMBROSE, U.S. Senior District Judge

## **ORDER**

AND NOW, this 3rd day of September, 2015, after careful consideration of the submissions of the parties and for the reasons set forth in the Opinion accompanying this Order, it is Ordered that Plaintiff's Motion for Summary Judgment (ECF No. [6]) is DENIED and Defendant's Motion for Summary Judgment (ECF No. [8]) is GRANTED.

BY THE COURT:

/s/ Donetta W. Ambrose
Donetta W. Ambrose
Senior U.S. District Court Judge